# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DEBRA FLAGG PITMAN | § | |
| | § | |
| V. | § | CASE NO. 4:07-cv-66 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Supplemental Security Income (SSI). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be Reversed and Remanded.

## HISTORY OF THE CASE

Plaintiff filed a protected application for SSI on March 6, 2001, claiming disability due to depression and anxiety. Since that time, four administrative hearings have been held, and four administrative decisions have been issued, each finding that Plaintiff was not disabled. After the first three decisions, the Appeals Council remanded the case back the Administrative Law Judge (ALJ) for several reasons. The final hearing was held on February 9, 2006, before ALJ Malloy; Plaintiff, a medical expert, and a vocational expert testified. On May 23, 2006, ALJ Malloy issued an unfavorable decision finding that Plaintiff was not disabled. On October 27, 2006, the Appeals Council concluded that no basis existed for review of the ALJ's decision.

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity at any time since the alleged onset date of September 1, 2000. (20 CFR 416.920(b) and 416.971 *et seq.*).

2. The claimant has bipolar disorder; mild hyperlipidemia; fibromyalgia; obesity; mild mitral, aortic, and tricuspid insufficiency; psychological depression; and sleep apnea. These are severe impairments within the meaning of *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985) and the Regulations. (20 CFR 416.920(c)).

3. The claimant has no impairments or combination of impairments that meets or medically equals the criteria of any impairment in the Listing of Impairments, Appendix 1, Subpart P, Regulation No. 4. No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment. (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 10 pounds occasionally and less than 10 pounds frequently, stand and walk 2 hours out of 8, sit 6 hours out of 8, and push and pull as limited by her ability to lift and carry. She cannot perform any complex tasks.

5. The claimant has past relevant work as a census address verifier. (20 CFR 416.965).

6. The claimant was born on September 14, 1963, and was 36 years old on the alleged disability onset date. She is now 42 years old. At all times relevant to this decision, the claimant has been a younger individual 18-44. (20 CFR 416.963).

7. The claimant has a GED high school equivalency certificate and is able to communicate in English. (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant's past relevant work is unskilled. (20 CFR 416.968).

9. The vocational expert testified that assuming the specific work restrictions delineated above, such an individual would be capable of performing the claimant's past relevant work as a census address checker.

10. The vocational expert also testified that assuming the specific work restrictions enumerated above, such an individual would be capable of performing any unskilled sedentary occupations with jobs in the national economy.

11. The vocational expert confirmed that her testimony was based upon and was consistent with the *Dictionary of Occupational Titles* (DOT). (Social Security Ruling 00-4p).

12. Based on the testimony of the vocational expert, the undersigned Administrative Law Judge finds that considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of performing her past relevant work as a census address verifier. The undersigned also finds that there are other jobs that exist in significant numbers in the national economy that the claimant can perform. (20 CFR 416.960(c) and 416.699).

13. Using Medical-Vocational Rule 201.27 as a framework for decision making, the undersigned Administrative Law Judge finds that the claimant is not disabled.

14. The claimant has not been under a disability as defined in the Social Security Act at any time through the date of this decision. (20 CFR 416.920(g)).

(T.R. 62-80).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not re-weigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of her disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if her alleged impairment is not severe, without consideration of her residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if her impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if she is capable of performing her past work. 20 C.F.R. § 404.1520(e) (1987).

If the analysis continues to the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to her past work is not disabled if she has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a). At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with her medically determinable impairments, functional limitations, age,

education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). In this case, the determination was made at the fourth step because the ALJ found that Plaintiff was capable of performing her past work, as well as other work in the national economy.

## ANALYSIS

Plaintiff's first point of error is that the ALJ erred when he did not abide by the Appeals Council's past remand orders. Plaintiff argues that the ALJ did not evaluate and document Plaintiff's mental impairments in accordance with the special technique described in 20 C.F.R. §§ 416.920a and 416.920(c). Plaintiff contends that those regulations require that the ALJ document an evaluation of four functional areas, assigning a rating to each of the functional areas. Plaintiff further contends that the Appeals Council, in all three of its remand orders, ordered that the ALJ evaluate and document Plaintiff's mental impairments in accordance 20 C.F.R. §§ 416.920a and 416.920(c) and that the ALJ still did not do so. Finally, Plaintiff argues that had the ALJ evaluated Plaintiff's mental impairments under the required criteria, he would have found additional non-exertional limitations that, if presented to the vocational expert, would likely have resulted in a finding that Plaintiff could not perform her past work. Plaintiff therefore contends that the burden would have shifted to the Commissioner to prove that other work exists in significant numbers in the national economy that Plaintiff can perform and that, because the burden of proof was never shifted, Plaintiff was prejudiced by the ALJ's error.

The Commissioner argues that, at step three, Plaintiff bears the burden of proving a disabling impairment. The Commissioner further asserts that the ALJ found Plaintiff's only restriction resulting from her condition to be an inability to perform complex tasks and that the ALJ found

5

Plaintiff to be not more than mildly impaired in the first three functional areas: daily activities; social functioning; and maintaining concentration, persistence, and pace. The Commissioner argues that the ALJ thoroughly discussed each of these areas while examining Plaintiff's testimony and medical records.

The Court first notes that Plaintiff has had her application pending for over seven years. She has gone through three appeals and subsequent remands. The record before the Court is almost 600 pages. The last remand order specifically directed the ALJ to reevaluate claimant's past work activity to determine if she had past relevant work. The ALJ complied with this request.

The Court notes that, during the last hearing held, the ALJ appeared somewhat confused about what he was supposed to do. This is not surprising given the prolonged duration of this proceeding.

The remand order also directed the ALJ to evaluate claimant's mental impairments in accordance with the special technique described in 20 C.F.R. § 416.920a and to document application of the technique in the decision by providing specific finds and appropriate rationale for each of the functional areas described in 20 C.F.R. § 416.920a(c). The four broad areas are defined as activities of daily living; social functioning; concentration and decompensation. The Court finds that the ALJ did not comply with this directive.

The ALJ also states that the vocational expert stated that her testimony was based upon and consistent with the DOT. The Court cannot find such testimony in the latest hearing. Even though the state agency addressed the limitation categories, the ALJ accords such testimony little weight. Where the rights of an individual are affected, this Circuit holds that an agency must follow its own procedures, if prejudice to the claimant results from a violation. *See generally, Newton v. Apfel,* 209 F.3d 448, 459-60 (5th Cir. 2000). The undersigned finds that the delay in this case is inexcusable

and due to no neglect of the claimant.

However, the Court finds that the case should be remanded and that the ALJ comply with the specific order of the appeals council to further evaluate the claimant's mental impairments in accordance with the special technique described in 20 CFR § 416.920a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 CFR § 416.920a(c). The Commissioner should be ordered to expedite this proceeding administratively, concluding any hearings within 90 days of the order of remand, and issuing any opinion within 120 days of remand and appeals council review within 180 days or remand. The Court further recommends that the failure of the Commissioner to comply with these deadlines warrants a finding that the claimant is disabled without further discussion or analysis. There is simply no reason to put a claimant, disabled or not, through the procedural quagmire this claimant has encountered. Plaintiff's point of error one should therefore be granted and the case should remanded for proceedings in accordance with the above-outlined timeline.

While remand is necessary for the reasons stated above, to ensure completeness in the record, the Court will also address Plaintiff's second point of error. Plaintiff's second point of error is that the ALJ did not properly assess Plaintiff's credibility. Plaintiff argues that the ALJ should not have adopted the credibility findings of the prior decisions because those decisions had been remanded by the Appeals Council and were therefore either the result of legal error or were not supported by substantial evidence. Plaintiff argues that, while the ALJ has the responsibility for determining the a claimant's credibility (*Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991)), the ALJ's credibility finding must be grounded in and supported by the evidence (SSR 96-7p). Plaintiff asserts that the evidence that the past decisions relied upon was largely incorrect and the ALJ therefore erred in relying on the past decisions. Finally, Plaintiff asserts that had the ALJ properly assessed Plaintiff's

credibility he would have found her to be disabled; therefore, Plaintiff was prejudiced by the ALJ relying on the past decisions.

The Commissioner argues that the ALJ considered all objective and subjective evidence and properly evaluated Plaintiff's credibility. The Commissioner contends that there is substantial evidence in the record indicating that Plaintiff's complaints were not fully credible. The Commissioner points out that the ALJ performed a thorough analysis of Plaintiff's credibility, noting numerous inconsistencies regarding Plaintiff's allegations of limitation, including Plaintiff's ability to perform her daily activities, such as attending college and being the primary caretaker for her six children, and her ability to largely control her symptoms with medication.

The Commissioner argues that Plaintiff's own activities may be properly considered when deciding a claimant's disability status, *see Leggett v. Chater*, 67 F.3d 558, 565 n.12 (5th Cir. 1995), and that if a medical condition that can be remedied by surgery or medication it is not disabling. *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir.1986). Finally, the Commissioner asserts that the ALJ's extensive evaluation of Plaintiff credibility is not made invalid because the ALJ referred to the previous, remanded decision.

Credibility determinations are generally entitled to great deference. *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). Although the ALJ did adopt by judicial notice prior credibility determinations, he also extensively engaged in his own analysis of Plaintiff's credibility. As noted, the ALJ specifically found that her statements concerning the "intensity, duration and limiting effects of the symptoms are not entirely credible" (TR 63). The ALJ merely adopts the prior ALJ's finding that Ms. Pitman's "statements regarding her inability to perform any activity are not entirely credible" (TR 73). He then goes on to state that her own testimony undercuts her claim.

In fact, the ALJ notes that the records noting her ability to walk two miles a day and her doing well come shortly after the third hearing. The ALJ arrives at his opinion that the evidence in the record shows that she has consistently exaggerated the severity of her mental and physical symptoms. This statement comes after an exhaustive 17 page review of her records. In light of this analysis, the Court finds that Plaintiff's second point of error should be overruled. However, the Court finds that the first point of error merits remand.

## RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be REMANDED and that any new hearing and decision be issued within the time limits noted above.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc). The parties are directed to file a response to any objections to the Magistrate Judge's Report and Recommendation.

**SIGNED this 26th day of August, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE